IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LYNDON A. ELDER                                                      PETITIONER

v.                            Civil No. 6:14-cv-06114

STATE OF ARKANSAS                                                    RESPONDENT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Lyndon A. Elder ("Elder") filed the current *pro se* Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Elder filed this Petition on October 17, 2014.  *Id.* This matter has been referred to the undersigned and is now ripe for consideration.

At the time he filed the Petition, Elder was incarcerated at the Montgomery County Jail. ECF No. 1.  On the date the Petition was filed, the Court entered an order granting Elder's request to proceed *in forma pauperis* and also entered an order directing Elder to complete an attached § 2254 form.  ECF No. 2.  In this order, the Court specifically admonished Elder as follows: "**Elder is directed to complete this form and return to the Clerk for filing no later than November 14, 2014.   Failure to comply with this directive will result in a recommendation Elder's request be denied.**"  *Id.* (emphasis in the original).

Despite this warning, Elder *did not* complete this form by November 14, 2014.  Instead, on October 28, 2014, this order was "returned as Undeliverable marked Return to Sender."  The return also noted "No new address available."  Subsequently, for over a year, Elder took no action to update his address or in any way attempt to move this case towards a resolution. Thereafter, on December 28, 2015, this case was reassigned, and the order of reassignment was sent to Elder.  Again, this mail was refused, returned, marked "unable to forward" with "No new address available."

Based upon these facts and Elder's failure to prosecute this action, I recommend this case be dismissed without prejudice. *See* FED. R. CIV. P. 41(b). *See also Link v. Wabash R.R. Co.,* 82 S.Ct. 1386 (1962) (recognizing that consistent with Rule 41(b) of the Federal Rules of Civil Procedure, a district court has the "inherent power" to dismiss a case *sua sponte* without affording notice or providing a hearing).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See  Thompson v. Nix*, 897 F.2d 356, 357 (8ᵗʰ Cir. 1990).

**DATED** this **25th day of March 2016.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE